FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ FEB 16 2012 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ERWIN JACKSON,

               Petitioner,

     -against-

COMMISSIONER OF THE NEW YORK STATE
DEPARTMENT OF CORRECTIONAL AND
COMMUNITY SUPERVISION,

               Respondent.
------------------------------------------------------------x

**ORDER**
12-CV-202 (SJF)

FEUERSTEIN, J.:

On October 28, 2011, incarcerated pro se petitioner Erwin Jackson ("petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of New York. See Docket Entry No. 1. The action was subsequently transferred to this Court. Docket Entry No. 2.

Petitioner is a state prisoner challenging his custody following his February 7, 2007 state court conviction on nine (9) counts of robbery in the first degree, in violation of Penal Law § 160.15, and on one (1) count of conspiracy in the fourth degree, in violation of Penal Law § 105.10. Accordingly, the petition is properly governed by 28 U.S.C. § 2254. See Cook v. N.Y. State Div. of Parole, 321 F.3d 274, 278 (2d Cir. 2003) (petition under section 2241 "unavailable" to state prisoner); see also Heafy v. N.Y. State Div. of Parole, No. CV-07-4003, 2010 WL 3927505, at *1 (E.D.N.Y. Oct. 5, 2010) ("Unlike a federal prisoner, a state prisoner cannot use § 2241 to challenge the execution of his sentence."); Welch v. Mukasey, 589 F.Supp.2d 178, 179 (N.D.N.Y. 2008) ("[S]ince [petitioner] is a state prisoner serving a state sentence in a state

1

correctional facility, relief is unavailable to him under section 2241 . . . challenges to the execution of a sentence and to underlying convictions brought by state prisoners must be brought pursuant to 28 U.S.C. § 2254 . . . ."); Wright v. Smith, No. 03-CV-806, 2007 WL 2412248, at *4 n. 7 (N.D.N.Y. Aug. 21, 2007) (Petitioner "plainly disputes his continuing custody pursuant to a state court conviction. Such a challenge is properly brought under Section 2254, rather than Section 2241.").

However, given the limitations on the filing of "second or successive" habeas petitions, a district court should not construe a section 2241 petition as a section 2254 petition unless the petitioner first has an opportunity to withdraw the submission. Cook, 321 F.3d at 282. The petitioner is hereby notified that the Court intends to construe his submission as a petition pursuant to 28 U.S.C. § 2254.

Accordingly, **petitioner's submission shall be deemed withdrawn and this case shall be closed unless petitioner advises the Court in writing within forty-five (45) days from the date this order is served upon him that he consents to the conversion of his submission into a petition pursuant to 28 U.S.C. § 2254.** In accordance with Rule 77(d) of the Federal Rules of Civil Procedure, the Clerk of Court shall serve a copy of this order upon the pro se plaintiff and shall record such service on the docket.

**SO ORDERED.**

                                                s/ Sandra J. Feuerstein
                                                Sandra J. Feuerstein
                                                United States District Judge

Dated:       February 16, 2012
              Central Islip, New York