UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ERWIN JACKSON,

                        Petitioner,

          -against-

COMMISSIONER OF THE STATE OF
NEW YORK DEPARTMENT OF CORRECTIONAL
AND COMMUNITY SERVICES,

                       Respondent.
------------------------------------------------------------------X

FILED
CLERK
7/30/2015 1:55 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

MEMORANDUM & ORDER
12-CV-202 (SJF)

FEUERSTEIN, J.

Before the Court is Erwin Jackson's ("Jackson" or "Petitioner") *pro se*[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Section 2254"). [Docket Entry No. 1 ("Petition"); Docket Entry No. 10]. For the following reasons, the Petition is dismissed without prejudice.

I.      BACKGROUND

On November 22, 2005, Petitioner was arrested and charged with twelve counts of first-degree robbery and one count of fourth-degree conspiracy. [Docket Entry No. 12 (Affidavit in Opposition to Petition for a Writ of Habeas Corpus ("Aff. in Opp.") ¶¶ 5-6]. Following a non-jury trial at Supreme Court, Nassau County ("County Court"), at which Petitioner represented

---

[1] Because he is proceeding *pro se*, Petitioner's submissions are held to "less stringent standards than formal pleadings drafted by lawyers" (*Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007))) and the Petition is liberally construed and interpreted "to raise the strongest arguments that [it] suggests[s]." *See, e.g., Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks and citation omitted).

himself, Petitioner was convicted of nine counts of first-degree robbery and one count of fourth-degree conspiracy, and was sentenced as a first-time felony offender. *Id*. ¶ 6; Petition ¶¶ 17-18.

Petitioner appealed the judgement of conviction to the Appellate Division, Second Department ("Appellate Division") on September 22, 2008, and the People responded and filed a cross-appeal challenging Petitioner's sentence as a first-time felony offender rather than as a persistent violent felony offender. Aff. in Opp. ¶ 7; Petition ¶ 19. On September 15, 2009, the Appellate Division modified the judgment by vacating Petitioner's sentence as a first-time felony offender and remitting the matter to the County Court to resentence Petitioner as a persistent violent felony offender. *See* Aff. in Opp. ¶ 8; Petition ¶ 20; *People v. Jackson*, 65 A.D.3d 1164, 885 N.Y.S.2d 213 (App. Div. 2d Dep't 2009). Petitioner sought leave to appeal the Appellate Division's decision, which was denied by the New York State Court of Appeals ("Court of Appeals") on January 19, 2010. *See People v. Jackson*, 13 N.Y.3d 939, 922 N.E.2d 919 (2010). On October 26, 2009, Petitioner was resentenced to an aggregate indeterminate term of forty-four years to life as a persistent violent felony offender. [Docket Entry No. 12-1 (Resentence Minutes)].

On October 21, 2010, petitioner moved to vacate his conviction, pursuant to New York Criminal Procedural Law ("CPL") § 440.10 (1)(a), (h) on "the grounds that the State of New York Lacked Subject Matter Jurisdiction over the prosecution of offenses that were allegedly committed by the defendant against banks that were federally insured and under the exclusive jurisdiction of the United States Federal Government." [Docket Entry No. 12-2 (CPL 440.10 Motion), at 1]. On March 29, 2011, the County Court denied Petitioner's motion to set aside his conviction pursuant to CPL § 440 on the basis of lack of jurisdiction. [Docket Entry No. 12-4 (County Court Decision Denying CPL 440.10 Motion)]. Petitioner moved for leave to appeal the

March 29, 2011 Order of the County Court, which the Appellate Division denied on June 23, 2011.  [Docket Entry No. 12-7 (Appellate Division Order Denying Leave to Appeal County Court Decision Denying CPL 440.10 Motion)].

In December 2010, Petitioner, through court-appointed counsel, appealed his October 26, 2009 judgment of conviction and resentence to the Appellate Division arguing that: (1) the Appellate Division's Order remanding the matter to the County Count for resentencing must be vacated because petitioner did not have assistance of counsel for the cross-appeal, and the matter should be remanded for resentencing because the People did not meet their burden of proof on the issue of tolling; (2) the sentence should be reduced and modified as excessive; (3) petitioner's constitutional right to a jury trial was violated because the state statute allows a trial judge rather than a jury to make findings on petitioner's status as a violent felony offender and the issue of tolling; (4) petitioner's rights to due process and a jury trial were violated when the judge ruled that petitioner was a mandatory persistent felony offender.  [Docket Entry No. 12-8 (Petitioner's Appeal from Resentence)].  On March 14, 2011, the Appellate Division granted Petitioner's motion for leave to serve and file a supplemental brief on appeal from his resentence.  [Docket Entry No. 12-12 (Appellate Division Decision Granting Petitioner's Motion to File Supplemental Brief)].  On March 21, 2011, petitioner filed his *pro se* supplemental brief arguing that: (1) the Appellate Division lacked subject matter jurisdiction over the People's cross-appeal; (2) the indictment was jurisdictionally defective and obtained in violation of the state and federal constitutions; (3) petitioner's resentence violated the Double Jeopardy Clause and the Due Process Clause of the U.S. Constitution; (4) petitioner was denied his constitutional right to assistance of counsel; (5) the thirteenth count of the indictment was jurisdictionally defective due to its failure to effectively charge an offense.  [Docket Entry No. 12-13 (Petitioner's *Pro Se*

Supplemental Brief)]. On February 28, 2012, the Appellate Division affirmed Petitioner's resentence. [Docket Entry No. 12-15 (*People v. Jackson*, 92 A.D.3d 958, 938 N.Y.S.2d 906 (2d Dep't 2012))]. On March 13, 2012, Petitioner sought leave to appeal the Appellate Division's affirmance of his resentence to the Court of Appeals, claiming that the sentencing court failed to pronounce sentence on each charge of which he was convicted. [Docket Entry Nos. 12-16, 12-18]. On June 12, 2012, the Court of Appeals denied Petitioner's application for leave to appeal. *See People v. Jackson*, 19 N.Y.3d 962, 973 N.E.2d 212 (2012).

On July 26, 2011, Petitioner moved, pursuant to CPL § 440.20(1), for an order setting aside his resentence on the basis of fraud and misrepresentation allegedly perpetrated by the Nassau County District Attorney's Office upon the County Court and the Appellate Division. [Docket Entry No. 12-19 (Petitioner's CPL 440.20 Motion)]. On October 6, 2011, the County Court denied Petitioner's motion to set aside his sentence. [Docket Entry No. 12-21 (County Court Decision Denying CPL 440.20 Motion)].

Petitioner then filed a writ of habeas corpus in County Court, dated February 7, 2012, pursuant to CPLR Article 70, arguing that the commitment order did not accurately reflect the resentence pronounced by the County Court at the October 26, 2009 resentencing proceeding, and that the resentencing court failed to pronounce sentence upon each offense for which he was convicted. [Docket Entry No. 12-22 ("State Habeas Petition")]. In his State Habeas Petition, petitioner argued, *inter alia*, that his "present and continued detention is in direct violation of the due process clause to the 14th amendment of the U.S. Constitution." State Habeas Petition, at 14. Petitioner's State Habeas Petition remains pending.

On October 28, 2011, Petitioner filed the instant Petition in the Western District of New York which was transferred to the Eastern District of New York on January 17, 2012, arguing

that the order of commitment does not accurately reflect the oral judgment pronounced by the Judge at the October 26, 2009 resentencing (*see* Petition, at 10-12), and that the resentencing court failed to pronounce a sentence upon each count. *Id*. at 13-14. The Petitioner argues, *inter alia*, that he is being detained and punished "in violation of the due process clause of the 14th Amendment to the United States Constitution." *Id*. at 2.

II. DISCUSSION

    A. Standard of Review

Section 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides that a federal court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Section 2254, a federal court may not grant habeas relief unless the petitioner has first exhausted his claims in state court. *See* 28 U.S.C. § 2254(b)(1) ("An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."); *id.* § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 199 S. Ct. 1728, 144 L. Ed. 2d 1 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."); *Jones v. Murphy*, 694 F.3d 225,

246-47 (2d Cir. 2012) ("Under AEDPA, a prisoner in custody pursuant to a state court judgment must generally exhaust state court remedies before seeking federal habeas corpus review."), *cert. denied*, 133 S. Ct. 1247, 185 L. Ed. 2d 192 (Feb. 19, 2013).

The exhaustion requirement is grounded in principles of comity and federalism. *O'Sullivan*, 526 U.S. at 844 ("Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief.") (citations omitted). "Exhaustion of state remedies requires that a petitioner fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Cornell v. Kirkpatrick*, 665 F.3d 369, 375 (2d Cir. 2011) (internal quotation marks and citation omitted); *see also Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014) (exhaustion requires that the "prisoner 'fairly present' his constitutional claim to the state courts, which he accomplishes 'by presenting the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it.'") (quoting *Rosa v. McCray*, 396 F.3d 210, 217 (2d Cir. 2005)). "While 'a state prisoner is not required to cite chapter and verse of the Constitution in order to satisfy this requirement,' he must tender his claim 'in terms that are likely to alert the state courts to the claim's federal nature.'" *Jackson*, 763 F.3d at 133 (quoting *Carvajal v. Artus*, 663 F.3d 95, 104 (2d Cir. 2011)).

B.  Petitioner's Claims Are Unexhausted

Petitioner argues that he is being unlawfully held in violation of the due process clause of the Fourteen Amendment because the resentencing court failed to pronounce sentence on each and every charge of which he was convicted and the commitment order does not reflect the sentence pronounced by the court at the October 26, 2009 resentencing. *See* Pet. at 10-15.

Petitioner did not raise his current claims in his direct appeal of his resentence to the Appellate Division and raised them for the first time in state court in his State Habeas Petition.² As Petitioner's State Habeas Petition, which presents the same claims as those raised in the instant Petition, is still pending, dismissal of the Petition without prejudice is appropriate. *See Stewart v. Sposato*, No. 11-civ-812, 2011 WL 766556, at *1 (E.D.N.Y. Feb. 22, 2011) (dismissing, without prejudice, federal habeas petition where petitioner's "state habeas claim [was] still pending" and allowing petitioner to "re-file his claim once he fully exhausts it in state court"); *Holley v. Brighthaupt*, No. 3:14-civ-1041, 2014 WL 7179639 (D. Conn. Dec. 17, 2014) (dismissing, without prejudice to refiling, petition for federal habeas corpus where there was a pending state habeas action asserting the same challenge to his sentence). This result will, in accordance with the considerations of comity behind the exhaustion requirement, "afford the state system 'the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Azor v. Griffin*, No. 12-civ-5998, 2013 WL 3013880, at *8 (E.D.N.Y. June 18, 2013) (citing *Daye v. Attorney Gen. of New York*, 696 F.2d 168, 191 (2d. Cir. 1981) (en banc)). Any argument by Petitioner that "the State of New York presently do[es] not have intact any adequate, independent, or effective procedures to address his constitutional Federal claims" (Petition, at 4) must be rejected in light of the fact that "[s]tate courts, like federal courts, are obliged to enforce federal law" (*O'Sullivan*, 526 U.S. at 844) and "[t]he very purpose of the exhaustion requirement is to ensure that state courts have an opportunity to address federal constitutional claims." *Holley*, 2014 WL 7179639, at *2. Assuming the arguments in the Petition

---

² To the extent that Petitioner raised one of these claims – that the sentencing court failed to pronounce a sentence on each charge of which he was convicted – in his application for leave to appeal to the Court of Appeals (*see* Docket Entry No. 12-16), it is clear that "raising a federal claim for the first time in an application for discretionary review to a state's highest court is insufficient for exhaustion purposes." *St. Helen v. Senkowski*, 374 F.3d 181, 183 (2d Cir. 2004).

7

regarding the alleged violation of CPL 380.20 raise federal due process issues,[3] "in the interest of comity, [those issues] should first be fairly presented to the state courts before [they] may be considered by this Court." *Mabery v. Keane*, 939 F. Supp. 193, 198-99 (E.D.N.Y. 1996).

III. CONCLUSION

Petitioner has not exhausted the state remedies available to him; therefore the Petition is dismissed without prejudice to refiling after completion of the exhaustion requirement. As Petitioner has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). The Clerk of the Court is respectfully requested to enter judgment accordingly and close this case.

**SO ORDERED.**

s/ Sandra J. Feuerstein<br>
Sandra J. Feuerstein<br>
United States District Judge

Dated: July 30, 2015
      Central Islip, New York

---

[3] To the extent "Petitioner appears to ground his due process, at least in part, on that alleged failure to meet the requirements of CPL 380.20…[i]t is well established…that federal habeas relief does not lie to correct errors of state law." *Jenkins v. Stallone*, No. 9:11-civ-1482, 2015 WL 1788713, at *7 n. 8 (N.D.N.Y. Apr. 17, 2015) (citing *Estelle v. McGuire,* 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)); *see also Kravitz v. Rabsatt*, No. 9:12-civ-719, 2014 WL 4365280, at *7 (N.D.N.Y. Aug. 28, 2014) (claim that sentencing court failed to pronounce sentencing on each count for which petitioner was convicted was "purely issue[] of state law and as such, [was] incognizable on federal *habeas* review").

8