UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
ERWIN JACKSON,

                                    Petitioner,

                    - against -

THE COMMISSIONER OF THE NEW
YORK STATE DEPARTMENT OF
CORRECTIONAL AND COMMUNITY
SUPERVISION,

                                    Respondent.
----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

12-cv-202 (BMC)

**COGAN**, District Judge.

    This habeas corpus case is before me on petitioner's third motion, pursuant to Rules 60(b)(4) and 60(b)(6) of the Federal Rules of Civil Procedure, for reconsideration and to vacate this Court's Order and Judgment of March 28, 2016 and March 30, 2016, respectively, denying his petition for habeas corpus relief. Petitioner has also moved to strike respondent's opposition to his motion. Both motions are denied.

I.    **The Motion for Reconsideration**

    Petitioner's state court conviction for conspiracy and multiple counts of robbery stems from a robbery spree that he undertook in 2005. The form of judgment included an amount of restitution, but under the "Remarks" section, there was a handwritten note stating: "All fees/surcharges by Civil Judgement [sic]. Do not collect from inmate funds." Both sides appealed. The Appellate Division rejected petitioner's direct appeal, but it reversed his sentence and remanded for resentencing on the basis of the District Attorney's cross-appeal. See People v Jackson, 65 A.D.3d 1164, 1165, 885 N.Y.S.2d 213, 214 (2d Dep't 2009). The Appellate

Division agreed with the District Attorney that petitioner should have been sentenced as a persistent violent felony offender, not a first-time felony offender. Petitioner was resentenced to a higher sentence on October 26, 2009. Petitioner appealed his conviction again, but the Appellate Division affirmed this time, and the Court of Appeals denied leave to appeal on June 12, 2012. See People v. Jackson, 92 A.D.3d 958, 958, 938 N.Y.S.2d 906, 906 (2d Dep't), leave to appeal denied, 19 N.Y.3d 962, 950 N.Y.S.2d 114 (2012).

While his direct appeal on the resentence was pending, petitioner filed a collateral proceeding, a motion to set aside the sentence under New York Criminal Procedure Law § 440.20. He contended that the District Attorney had "perpetrated a fraud" on the court by obtaining a civil judgment order based on the restitution obligation in his criminal judgment. Specifically, pursuant to New York Penal Law § 60.27(8), the civil judgment added a five-percent surcharge to the restitution amount, payable to the Nassau County Probation Department as the collector and distributor of restitution funds, should petitioner have the money or property to pay the restitution figure. It was apparently petitioner's argument that the five-percent increase had to be imposed as part of his sentence and not by separate order.

On October 6, 2011, the sentencing court denied his motion, concluding that the five-percent surcharge was an "administrative fee set by statute," not part of petitioner's sentence. The sentencing court also noted that the civil judgment erroneously referenced a term of probation for petitioner – erroneous because his sentence did not include probation – and it ordered that term stricken from the civil judgment. It left the judgment undisturbed, stating that petitioner's sentence was not "unauthorized, illegally imposed or otherwise invalid as a matter of law," as Criminal Procedure Law § 440.20(1) requires to warrant relief.

Five days later, on October 11, 2011, the sentencing court entered an amended order of restitution that calculated and added the five-percent surcharge. The Order did not address or affect petitioner's custodial sentence. About six months later, on April 19, 2012, the sentencing court ordered deferral of the restitution payment obligation until petitioner was released from custody. That was consistent with handwritten notation in the "Remarks" section of the original judgment, which suggested that the court did not want to deprive petitioner of funds in his commissary account during custody.

Petitioner ultimately sought federal habeas corpus relief. After protracted proceedings, the substance of which is not relevant here, Judge Feuerstein, granted petitioner's first motion for reconsideration, but went on to deny the petition with prejudice on March 28, 2016. She also denied a certificate of appealability, as did the Second Circuit. Petitioner then filed his second Rule 60 motion on grounds again not relevant here, which Judge Feuerstein denied on June 6, 2017.

In this third motion for reconsideration, petitioner contends that Judge Feuerstein's Order and Judgment dismissing his petition are void for "lack of subject matter jurisdiction." Referring to the state courts' Orders of October 11, 2011 and April 19, 2012 described above, petitioner advances a theory that the judgment challenged in his petition had been "superceded [sic] by two subsequently imposed state judgments." That "caus[ed] the challenged judgment in the habeas petition to become non-final," and since 28 U.S.C. § 2244 authorizes relief from only "final" judgments, petitioner contends, this Court had no jurisdiction over the judgment of conviction that he challenged in his petition.

I reject petitioner's argument. The original judgment of conviction expressly stated that restitution would be dealt with in separate orders as permitted by New York law. It was. Those orders did not affect petitioner's conviction and custodial sentence.

Although New York Criminal Procedure Law § 420.10(5)(d) allows for resentencing when a defendant cannot meet restitution obligations, a resentencing did not occur in this case. Petitioner never moved under § 420.10(5)(d), nor did the state court follow the prescribed procedures when issuing either of the orders at issue. Rather, the state court issued the October 11, 2011 order under New York Criminal Procedure Law § 420.10(6), which provides for "[c]ivil proceeding[s]" whereby "[a] fine, restitution or reparation imposed or directed by the court" may "be imposed or directed by a written order of the court containing the amount thereof required to be paid by the defendant." As for the April 19, 2012 order, the state court referenced defendant's "letter application seeking a deferral" and approved deferral. At most, then, this order merely "adjusted the terms of payment" under New York Criminal Procedure Law § 420.10(5)(a) but "did not revoke the entire sentence imposed and resentence the defendant" under § 420.10(5)(d). People v. Morse, 148 A.D.3d 611, 611, 50 N.Y.S.3d 355, 355 (1st Dep't 2017) (alteration adopted) (quoting N.Y. Crim. Proc. Law § 420.10(5)(a), (d)).

Moreover, even if there were some defect, it would not go to this Court's subject matter jurisdiction. A district court has jurisdiction to determine habeas petitions if the petitioner is "in custody pursuant to the judgment of a State court" and that custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Ogunwomoju v. United States, 512 F.3d 69, 73 (2d Cir. 2008) (stating that "the 'in custody' language of § 2254(a) is jurisdictional"). Because the restitution orders did not affect whether petitioner was in custody, they did not affect the court's subject matter jurisdiction.

4

Petitioner's third motion for reconsideration is therefore denied.

**II.     The Motion to Strike**

Petitioner has moved to strike respondent's opposition to his motion for reconsideration on two grounds.  First, he argues that the opposition was not signed because it was merely marked with an "/s/" either above or beside the signer's printed name.  Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name."  The signature requirement can "be adjusted to keep pace with technological advances."  Becker v. Montgomery, 532 U.S. 757, 763 (2001).  Hand-signing documents filed on ECF is the exception, not the rule.

As relevant here, the Federal Rules of Civil Procedure recognize "the equality of filing by electronic means with written filings," and "[a]n electronic filing that complies with the local rule satisfies all requirements for filing on paper, signature, or verification."  Fed. R. Civ. P. 5(e) advisory committee's note to 1996 amendment.  The local rules in this district do not impose a special handwritten signature requirement.  See Loc. Civ. R. 11.1(a)(3).  Thus, an "electronic signature" is different from the sort of "typed name" that would not suffice.  Bradin v. Thomas, 823 F. App'x 648, 656 (10th Cir. 2020) (citing Becker, 532 U.S. at 764).  The "/s/" notation is recognized as a form of electronic signature.  Cf. United States v. Rios-Espinoza, 591 F.3d 758, 760 (5th Cir. 2009) (making this observation in a different context).  Therefore, respondent's opposition did not violate Rule 11.

Petitioner also seeks to strike respondent's opposition on the ground that respondent did not provide him with the exhibits annexed to the opposition.  When serving its response to petitioner's most recent motion for reconsideration, respondent did provide copies of the "cases and other authorities cited therein that are unpublished or reported exclusively on computerized databases," as the local rules require for *pro se* litigants.  See Loc. Civ. R. 7.2.  Granted, the rules

5

also provide that, "[u]pon request, counsel shall provide the *pro se* litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party." Id.  Petitioner's motion to strike is tantamount to a request, and it seems that the records that respondent cited were not previously cited by any party.  "A district court has broad discretion," however, "to determine whether to overlook a party's failure to comply with local court rules." Martin v. Cty. of Suffolk, No. 13-cv-2104, 2014 WL 1232906, at *3 n.5 (E.D.N.Y. March 26, 2014) (quoting another source).  The documents that respondent did not provide to petitioner stemmed from his own state court litigation regarding his conviction.  These documents were not material to the issues raised in petitioner's motion for reconsideration.  And the two most relevant documents – October 11, 2011 and April 19, 2012 orders – were attached to petitioner's motion for reconsideration.  For these reasons, I conclude that respondent's failure to adhere to the local rules does not justify striking respondent's opposition.  See id.

Petitioner's third motion for reconsideration [56] and his motion to strike respondent's opposition to that motion [61] are therefore denied.  Because petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue.  See 28 U.S.C. § 2253(c)(2).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purposes of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Digitally signed by Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
       July 7, 2021